IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANDY GARLAND ANDERSON, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. _____ |
| | § | |
| v. | § | **JURY DEMAND** |
| | § | |
| JAKE's FIREWORKS, INC., | § | |
| | § | |
| Defendant. | § | |

# COMPLAINT

Plaintiff, by and through his attorneys, **JOHNSON BECKER, PLLC** and **CLARK & McCREA**, upon information and belief, at all times hereinafter mentioned, allege as follows:

## NATURE OF THE CASE

1. This is a diversity action seeking recovery for personal injuries and damages suffered by Plaintiff Andy Garland Anderson ("Plaintiff") after a YoYo Sparkler ("subject YoYo Sparkler") that was designed, manufactured, marketed and sold by Defendant Jake's Fireworks, Inc. ("Defendant Jake's") ignited in Plaintiff's left hand, causing him to suffer severe 2nd and 3rd degree burns.

2. As a direct and proximate result of Defendant Jake's conduct, the Plaintiff in this case incurred painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## PARTIES

3. Plaintiff is an adult citizen of the State of Texas and resides at 2401 SW 49th Avenue, City of Amarillo, County of Randall, State of Texas 79110.

4. Defendant Jake's is a foreign corporation maintaining its principal office at 1500 E. 27th Terrace, Pittsburg, Kansas 66762. At all times relevant hereto, Defendant Jake's was in the business of designing, manufacturing, marketing, distributing, and selling fireworks, including the subject YoYo Sparker. Jake's is duly registered to do business in the State of Texas and derives substantial revenues from ongoing and continuous sales of its products in Texas, including but not limited to the sale of the subject YoYo Sparkler, which was purchased within the State of Texas. Jake's maintains a registered agent at 211 E. 7th Street, Suite 620, Austin, Texas 78701 where it may be served with process.

## **JURISDICTION & VENUE**

5. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

6. This Court has personal jurisdiction over Defendant pursuant to the Texas Long Arm Statute, TEX. CIV. PRAC. & REM. CODE § 17.042, as this lawsuit arises out of a tort committed by Defendant in whole or in part in Texas. Defendant Jake's purposefully availed itself of the privileges and benefits of conducting business in Texas by directing its product sales to this State, maintaining such minimum contacts with this State that the assumption of jurisdiction by this Court does not offend traditional notions of fair play and substantial justice. Defendant Jake's is duly registered to do business in the State of Texas through its registered agent located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7. Venue is proper in the United States District Court for the Northern District of Texas, Amarillo Division pursuant to 28 U.S.C. § 1391(a)(2), because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTUAL BACKGROUND

8. On July 4th, 2017, Plaintiff and his family were spending the Independence Day holiday at a friend's house along with a few other families.

9. Around dusk, Plaintiff decided to bring out some sparklers, including the subject YoYo Sparkler, he had purchased a day earlier on July 3, 2017,

10. Using his left hand, Plaintiff turned the subject YoYo Sparkler so that the fuse was facing away from his hand, as indicated by the instructions on the packaging.

11. Using a lighter, Plaintiff lite the end of the fuse. However, the second he lit the fuse, the subject YoYo Sparkler emitted a "poof".

12. Instead of slowly burning to the end of the fuse as expected, the subject YoYo Sparkler suddenly exploded in Plaintiff's hand.

13. Plaintiff dropped the remains of the subject YoYo Sparkler and ran inside the house to the kitchen sink where he began running cold water over his hand.

14. The cold water did little to alleviate the pain, and a short time later, Plaintiff's wife drove Plaintiff to the Northwest Texas Hospital to receive emergency medical treatment for his burn injuries.

15. Unfortunately, Plaintiff is not the first person to be injured by a malfunctioning YoYo Sparkler. There have been reports from multiple people of similar events that took place *well before* the incident that injured Plaintiff.

16. On July 3, 2015, Jake's started a recall of its YoYo sparklers after receiving **at least 12 reports** of the sparklers burning "faster and with a larger flame than normal" and burning "down

the stick towards users' hands, posing a burn hazard."[1] The recall also advised consumers to immediately stop use using the YoYo Sparkler and to take them away from children

17. Defendant Jake's marketed the YoYo Sparkler as a safe product, suitable for use by adults and children when, in fact, the risks of the sparkler outweighed its utility, and the sparkler was unreasonably dangerous and posed a serious burn hazard to users, like Plaintiff, with no adequate warning of its dangers of suddenly catching fire. The YoYo Sparkler was negligently designed and/or manufactured as it posed an unreasonable risk of harm during ordinary, foreseeable, and proper use.

18. As a direct and proximate cause of Defendant's negligent design and/or manufacturing of the subject YoYo Sparkler, Plaintiff sustained severe and painful second and third degree burns to his left hand, for which Defendant Jake's is liable.

19. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant Jake's YoYo Sparkler as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, wage loss, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## **CLAIMS FOR RELIEF**

### **COUNT I**
### **STRICT LIABILITY**

20. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

---

[1] Jake's Fireworks Recalls YoYo Sparklers Due to Burn Hazard," July 9, 2015. https://www.cpsc.gov/Recalls/2015/Jakes-Fireworks-Recalls-YoYo-Sparklers/ (last accessed June 24, 2019).

21. At all times material to the allegations in this Complaint, Defendant Jake's was in the business of designing and manufacturing fireworks and did design, manufacture, market, and distribute the subject YoYo Sparkler giving rise to the subject matter of this lawsuit.

22. At all times material to the allegations in this Complaint, the Subject YoYo Sparkler was defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

23. The subject YoYo Sparkler was in the same or substantially similar condition as when it left the possession of Defendant Jake's.

24. Plaintiff did not misuse or materially alter the subject YoYo Sparkler.

25. The subject YoYo Sparkler did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way.

26. The subject YoYo Sparkler was defective and unreasonably dangerous because there was a lack of adequate warnings and notices that the product could suddenly and unexpectedly explode in a way not warned of or contemplated by the ordinary user of the product.

27. The subject YoYo Sparkler was defective and unreasonably dangerous in that it failed to conform to the product design and specifications of other similar sparklers in that the fuse failed to slowly burn to the end of the sparkler, causing it to suddenly and unexpectedly explode in Plaintiff's hand.

28. The risks inherent in the subject YoYo Sparkler's design outweigh any utility or benefit derived from the product, particularly considering the availability of safe alternative designs for the sparkler.

29. At all times pertinent hereto, Defendant Jake's knew, as a product designer and manufacturer, that the YoYo Sparkler had to be designed and manufactured to minimize risks versus utilities, yet Defendant Jake's designed, manufactured, marketed, and placed into the stream

of commerce a defective and unreasonably dangerous product, exposing consumers, such as Plaintiff, to a serious risk of harm.

30. Defendant Jake's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Jake's for compensatory damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT II
## NEGLIGENCE

31. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

32. At all times material to the allegations in this Complaint, Defendant Jake's had a duty of reasonable care to design, manufacture, market, and distribute non-defective products, including the subject YoYo Sparkler, that are reasonably safe for their intended uses.

33. Defendant Jake's breached that duty when it designed, manufactured, tested, marketed, and placed into the stream of commerce a defective and unreasonably dangerous product, the subject YoYo Sparkler, which posed a serious safety hazard to consumers, such as the Plaintiff in this case.

34. As evident by the number of consumers injured by the YoYo Sparkler *well* before Plaintiff, Defendant Jake's knew, or in the exercise of ordinary care, should have known through its own testing, that the sparkler was unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used. Despite this knowledge, Defendant Jake's marketed and sold a defective product exposing consumers, such as Plaintiff, to a serious risk of harm.

35.     Defendant Jake's owed Plaintiff, as well as the public at large, the duty of reasonable care in designing and manufacturing the subject YoYo Sparkler. Defendant Jake's failed to act as an ordinary, prudent manufacturer in designing and manufacturing the subject YoYo Sparkler and violated its duties to the public, including Plaintiff, and was negligent. Defendant Jake's negligence in designing and/or manufacturing the defective YoYo Sparkler was the proximate cause of Mr. Bruins' injuries and damages, as described herein.

**WHEREFORE**, Plaintiff demands judgment against Defendant Jake's for compensatory damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

36.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

37.     Defendant Jake's designed, manufactured, tested, marketed, and placed into the stream of commerce the Subject YoYo Sparkler with an implied warranty that it was fit for the particular purpose of providing a safe means of atheistic and entertainment.

38.     Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

39.     Defendant Jake's YoYo Sparklers were not fit for the particular purpose as a safe means of means of atheistic and entertainment due to the unreasonable risks of bodily injury associated with their use.

40.     The Plaintiff in this case reasonably relied on Defendant Jake's representations that its YoYo Sparkers were a safe means of atheistic and entertainment.

41. Defendant Jake's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Jake's for compensatory damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

42. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

43. At the time Defendant Jake's designed, manufactured, tested, marketed, and sold the subject YoYo Sparkler to the Plaintiff in this case, Defendant Jake's warranted that its YoYo Sparklers were merchantable and fit for the ordinary purposes for which they were intended.

44. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

45. Defendant Jake's YoYo Sparklers were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

46. Plaintiff purchased the Subject YoYo Sparkler with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of atheistic and entertainment.

47. Defendant Jake's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Jake's for compensatory damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## INJURIES & DAMAGES

48. As a direct and proximate result of Defendant Jake's acts or omissions as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering. Plaintiff is entitled to recover damages from Defendant Jake's for these injuries in an amount which shall be proven at trial.

49. As a direct and proximate result of Defendant Jake's acts or omissions as described herein, Plaintiff has incurred lost wages. Plaintiff is entitled to recover past and future lost wages from Defendant Jake's an amount which shall be proven at trial.

50. As a direct and proximate result of Defendant Jake's acts or omissions as described herein, Plaintiff has incurred medical treatment expenses, as well as other expenses, as a result of his injuries. Plaintiff is entitled to recover damages from Defendant Jake's for his past, present and future medical and other expenses in an amount which shall be proven at trial.

## CONDITIONS PRECEDENT

All conditions precedent to recovery of said damages by Plaintiff have been satisfied.

## JURY TRIAL DEMANDED

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant Jake's for damages, including exemplary damages if applicable, to which they entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant Jake's;

b. damages to compensate Plaintiff for his injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant Jake's's YoYo Sparklers;

c. pre and post judgment interest at the lawful rate;

d. exemplary, punitive, and treble damages on all applicable Counts as permitted by the law;

e. a trial by jury on all issues of the case;

f. an award of attorneys' fees; and

g. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**CLARK & McCREA**

By: /s/    Collen A. Clark
    **COLLEN A. CLARK**
    State Bar No. 04309100
    **JACOB L. von PLONSKI**
    State Bar No. 24098554

3500 Maple Avenue, Suite 1250
Dallas, Texas 75219
214-780-0500
214-780-0501 Fax
eservice@clarkmccrea.com
jake@clarkmccrea.com

*In association with:*

**Johnson Becker, PLLC**
Adam J. Kress, Esq.  (#0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
(612) 436-1800 / (612) 436-1801 (fax)
akress@johnsonbecker.com

***Attorneys for Plaintiff***